IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC HEMPHILL,

*Plaintiff*,

v.                                               Civil Action No. ELH-12-1584

ARAMARK, INC.,

*Defendant*.

## MEMORANDUM

Eric Hemphill, plaintiff, presents claims for discrimination on the basis of race and retaliation under Title VII, as well as claims under Maryland law for wrongful termination and breach of contract, arising out of defendant ARAMARK's termination of plaintiff's employment as a chef in January 2012. *See* Complaint (ECF 2). On November 19, 2012, Mr. Hemphill, who was previously represented by counsel, but is now self-represented, filed a "Motion for Leave to Amend Complaint" ("Motion to Amend," ECF 33), to add allegations pertaining to a party at which he worked in December 2010, where a liquor bar was left unsupervised. He seeks to add that the personnel staffing the bar were not "TIPS certified," evidently in violation of ARAMARK policy; that he reported the incident to management; and his complaints precipitated retaliatory conduct against him by the employer, culminating in the loss of his job in January 2012. Mr. Hemphill suggests that the omission of the new allegations from the prior Complaint resulted from the "negligence" of his former counsel. Plaintiff also seeks to add "ARAMARK Corporation" as a defendant. But, plaintiff agrees with defendant to modify the name of the defending party from "ARAMARK, Inc." to "ARAMARK Campus, LLC."

Defendant opposes the Motion (ECF 43), and has adopted the arguments set forth in its previous opposition (ECF 30) to Mr. Hemphill's first motion for leave to amend the complaint

(ECF 27).  Mr. Hemphill included his reply in a filing styled as a "Motion for Rule 56 Summary Judgment" ("Summary Judgment Motion," ECF 44).

No hearing is necessary to resolve the motions.  *See* Local Rule 105.6.  For the reasons set forth below, I will grant the Motion to Amend and deny the Summary Judgment Motion.

## Discussion

Mr. Hemphill relies on Fed. R. Civ. P. 15(a) to support his Motion to Amend.  Under Fed. R. Civ. P. 15(a)(2), "[a] court should freely give leave to amend when justice so requires." "Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'"  *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant urges denial of the Motion to Amend, arguing that if it is granted, the Court will have to modify the Scheduling Order issued on July 7, 2012 (ECF 17), and modified on November 28, 2012 (ECF 37).  Fed. R. Civ. P 16(b)(b) provides: "A schedule may be modified only for good cause and with the judge's consent."  Thus, "when granting leave to amend . . . would require modifying the district court's scheduling order, Federal Rule of Civil Procedure 16(b) requires that the movant must first show good cause."  *Vercon Const., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir. 2006) (per curiam).  "'[T]he focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.'"  *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995)).

Mr. Hemphill's counsel was granted leave to withdraw on September 25, 2012.  *See* ECF 25.  The Court then granted a 30-day stay to enable plaintiff to obtain new counsel.  Accounting for the thirty-day stay issued in this case to allow Hemphill time to obtain new counsel, just over two months passed between the deadline for amending pleadings and the filing of the Motion to Amend.  This is not undue delay.  Moreover, the Court is mindful that "pro se litigants deserve a degree of leniency in navigating a complicated legal system for which they possess no professional expertise."  *McCaskey v. Henry*, No. 3:10–cv–390–GCM, 2012 WL 2451862, at *2 (W.D.N.C. June 27, 2012).

To be sure, granting the Motion to Amend would effectively require a brief extension of the discovery deadline.  As defendant notes, according to the Scheduling Order issued on July 7, 2012 (ECF 17), August 6, 2012 was the deadline for joining parties or amending pleadings.  And, since that date, discovery has gone forward.  Indeed, I have already resolved opposing motions to compel, and I have granted the parties' motions to extend the discovery deadline in light of various discovery issues.  *See* ECF 37.  But, defendant will not be unfairly prejudiced by the new allegations; they do not substantively alter or complicate the claims asserted by Mr. Hemphill in the original Complaint.  Rather, they supplement them with an additional incident.  Moreover, discovery has not yet concluded.

Defendant contends that the Motion to Amend is futile because "Title VII's anti-retaliation provision only protects activities pertaining to complaints or participating in investigations relating to discrimination on the basis of race, color, religion, sex, or national origin."  *Kearns v. Northrop Grumman Sys.*, No. 11-1736, 2012 WL 1183017, at *5 (D. Md. Apr. 6, 2012).  Defendant notes that Mr. Hemphill's complaints regarding staffing of the liquor bar at the party in December 2012 are not protected activity under Title VII.  *See, e.g.*, *McGruder v. Epilepsy Found. of Am., Inc.*, No. 11-2310, 2012 WL 832800, at *4 (D. Md. Mar. 9, 2012)

(dismissing Title VII retaliation claims because plaintiff's email to supervisors made no reference to any race or disability discrimination, and therefore was not protected activity).  But, even if the new allegations have no bearing on plaintiff's Title VII retaliation claim, defendant has not explained why the new allegations would be futile as to plaintiff's state law claims.

In view of the foregoing, I will grant Mr. Hemphill's Motion to Amend (ECF 33). However, to the extent that additional discovery is needed for the defendant to flesh out the particulars of the new allegations, defendant will be entitled to do so, by way of a deposition of Mr. Hemphill as to these claims.[1]  I will also extend the discovery deadline until February 15, 2012, at which time the parties shall submit a status report.  As a result of the extension of discovery, the deadline for requests for admission is extended to February 22, 2013, and dispositive motions shall be due on or before March 29, 2013.

As to the Summary Judgment Motion (ECF 44), I note that, based on the discovery deadlines set forth in the Court's Memorandum of November 28, 2012 (ECF 37), the parties have not yet completed discovery.  Therefore, the Summary Judgment Motion is premature. Accordingly, it is denied, without prejudice to the parties' rights to submit such motions after discovery is completed.

## CONCLUSION

For the foregoing reasons, this Court will grant the Motion to Amend and deny the Motion for Summary Judgment.  A separate Order, consistent with this Memorandum, follows.


Date: January 2, 2013                                          _____/s/_____
                                                              Ellen Lipton Hollander
                                                              United States District Judge

---

[1] If Mr. Hemphill has not yet been deposed, then defendant of course may inquire as to these claims at the deposition.  If plaintiff has already been deposed, then the defendant may note a second deposition of plaintiff, limited to the new allegations.