IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC HEMPHILL                *

   V.                         *     CIVIL NO. ELH-12-1584

ARAMARK CORPORATION, ET AL   *

MEMORANDUM OPINION AND ORDER

Eric Hemphill, plaintiff, presents claims for discrimination on the basis of race and retaliation under Title VII, as well as claims under Maryland law for wrongful termination and breach of contract, arising out of defendant ARAMARK's termination of plaintiff's employment as a chef in January 2012. (ECF No. 2).  Before this Court are plaintiff's Motion to Compel Discovery, (ECF No. 48), and plaintiff's status report regarding discovery.  (ECF No. 58).

**I.   Analysis**

In his Motion to Compel, plaintiff contends that he has received "no documents or answers except for an incomplete employee file" in response to several discovery requests.  (ECF No. 48-1, 2).  Plaintiff summarily argues that "[d]efendants have clearly failed to meet their discovery obligations, and therefore, Plaintiff is entitled to relief under rule 37(A)."  (Id.).  While plaintiff attaches copies of his discovery requests as exhibits, he points to no specific request that has

1

been ignored, and makes no attempt to identify documents in defendant's possession that it has not produced.

Indeed, Exhibit B to plaintiff's filing contradicts his assertion that defendant has failed almost entirely to respond to his document requests. (ECF No. 48-4). Exhibit B documents defendant's response to both plaintiff's first and second request for documents. (Id.). While defendant objected to many individual requests, it agreed to produce various documents, including organizational charts, memos and performance reports, employee hotline reports, an employee handbook, and plaintiff's personnel file. (Id. at 21-36). Plaintiff has not specified which objections he takes issue with, or which documents he seeks to compel. As such, on this filing alone the Court lacks sufficient information to grant or even address plaintiff's motion.

Plaintiff made more specific arguments regarding defendant's discovery conduct, however, in his February 24, 2013 discovery status update. (ECF No. 58). In his letter to the Court, plaintiff points to several categories of documents that defendant has allegedly failed to produce. (Id.). The documents include: certain documents from plaintiff's personnel file; "each and every employee file between 2004 and 2012;" hotline calls for the past ten years; documentation of every

contract that Aramark entered into from 2000 to 2012; and electronic payroll documents. (Id. at 2).

While plaintiff's letter to the Court was not fashioned as a supplement to his earlier Motion to Compel, or as a second motion, in light of his pro-se status the Court will construe this letter as an addendum to plaintiff's initial motion to compel. As such, the Court will address each category of documents in turn. Pro se litigants are accorded "a degree of leniency" in the conduct of litigation. McCaskey v. Henry, 3:10-CV-390-GCM, 2012 WL 2451862 at *2 (W.D.N.C. June 27, 2012). In this case, the Court has clearly advised plaintiff in its Order of November 28, 2012 to "explain [] why [D]efendants' responses to his interrogatories are deficient, . . . identif[y] the documents he seeks, their relationship to his case, [and] the basis for this belief that they are in defendant's possession." (ECF No. 37). Accordingly, the Court must apply the rules of procedure to allow for the prompt and fair disposition of the discovery disputes and the litigation in its entirety.

**A. Plaintiff's Personnel File**

Plaintiff argues that defendant has not provided him with his complete personnel file. Drawing on a memo describing company policy regarding new hires, plaintiff argues that his personnel file should contain a variety of documents, including,

among other things, his employment application, background investigation authorization consent form, and tax documents. (ECF No. 58, 1).  Plaintiff generally alleges that he has not been provided with this information, although he fails to specify exactly what information was missing from the file provided to him by defendant.  (Id.).

Defendant responds by noting that the memo referred to by plaintiff was effective as of June 2010, while plaintiff was hired in August 2004.  (ECF No. 60, 2).  Defendant argues that the memo has little bearing on the documents that were required to be in defendant's file on the date of his hiring.  (Id.).  As such, defendant contends "there is no evidence that Plaintiff's personnel file is incomplete."  (ECF No. 60, 3).

The Court agrees that the document submitted by defendant bears little weight on the current case, as it is a memo related to employee hiring prepared several years after plaintiff was hired.  Further, plaintiff has failed to specify which documents were missing from his employee file, or why these documents are particularly relevant to this case.  As such, the Court denies plaintiff's motion to compel as to these documents.

**B. 3rd Party Personnel Files**

Plaintiff's Request No. 8 seeks "complete copies of any employee's file which is in the same pay grade or similar position as the Complainant."  (ECF No. 48-4, 25).  In response,

4

defendant objects that the request was overbroad, unduly burdensome, and sought documents not reasonably calculated to lead to the production of admissible evidence. (Id.). Defendant further objected that the request sought confidential information related to individuals not party to the action. (Id.).

In determining whether it is appropriate to compel the discovery of personnel files, courts in the Fourth Circuit have balanced the importance of personal privacy and accurate employee evaluations against the countervailing interest in broad discovery that provides each party with the information necessary to present their complete case before the court. See Kirkpatrick v. Raleigh County Bd. of Educ., 1996 U.S. App. LEXIS 3384 (4th Cir. W. Va. Feb. 29, 1996); Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 105 (E.D.N.C. 1993). This test generally favors non-disclosure: personnel files, even if relevant, are only discoverable in "limited circumstances," such as when the "need for disclosure is compelling because the information sought is not otherwise readily available." United States EEOC v. McCormick & Schmick's Seafood Rests., No. DKC-11-2695, 2012 U.S. Dist. LEXIS 115673 at *9 (D. Md. Aug. 16, 2012); Bennett v. CSX Transp., Inc., No. 5:10-CV-00493-BO, 2011 U.S. Dist. LEXIS 110669 at *28 (E.D.N.C. Sept. 26, 2011).

Plaintiff provides only one justification for his broad request for personnel files, noting that he needs the documents "for demographic, pay and treatment disparity, but also to demonstrate the spoliation of documents that Aramark and their counsel have engaged in." (ECF No. 58, 2). It is possible that certain information in plaintiff's co-workers personnel files, such as an employment description or employment application, may be relevant to Count I and III of plaintiff's amended complaint, in which plaintiff alleges that he was "compensated . . . at a lower rate compared to similarly situated non-African American employees." (ECF No. 47, ¶¶ 17, 29).

The Court agrees with defendant, however, that the request was overbroad. Plaintiff has requested the entire personnel file for any Aramark employee who is in a similar pay grade or position as defendant.[1] Such a broad net could potentially include hundreds of employees, the vast majority of whose circumstances bear no relation to plaintiff's case. Further, plaintiff has not sought to tailor his request to include only relevant documents within the files. As a result, the request includes personal information such as health screenings, pre-

---

[1] In his status update, plaintiff argues that he has "demanded key employee files that have not been turned over." (ECF No. 58, 2). His request No. 3 asked for the personnel files of "all human resources managers, supervisors, and employees that had the ability to hire, terminate, and conduct regular human resource functions at the Mt. Washington Conference Center during November 2004 through February 2012." (ECF No. 48-4, 15). The Court declines to compel these documents for the same reasons noted supra.

employment testing, and background checks that is irrelevant to the lawsuit.  Plaintiff has not demonstrated a compelling need for such a broad disclosure of personal information.  As such, the Court denies plaintiff's motion to compel these documents.

### C. Organizational Charts

Plaintiff argues that he requested organizational charts for the Mt. Washington Conference Center location for the past ten years, but only received charts going back five years.  (ECF No. 58, 2).  The record demonstrates, however, that plaintiff requested "[a]ll organizational charts which include all employees in the direct supervision of Marianne Beauchamp for the previous five years."  (ECF No. 48-4, 22).  Defendant provided these documents.  As such, plaintiff's motion to compel additional documentation is denied.

### D. Employee Hotline Calls

Plaintiff argues that he requested "all employee hotline calls concerning the Mt Washington conference center or their employees for the past ten years but Aramark has limited its responses to 2011 thru [sic] January 2012."  (ECF No. 58, 2).

Plaintiff again misstates his original request.  Plaintiff specifically requested "any and all hotline correspondence and communications . . . from November 2011 through February 2012." (ECF No. 50-2, 8).  Defendant supplied documents relevant to this request, and noted that "to the best of its knowledge, no

7

other calls were made between November 2011 and February 2012 to the ARAMARK Employee Hotline in which the caller made allegations about an ARAMARK manager, supervisor, or employee. (ECF No. 50-2, 8-9). As defendant has adequately responded to plaintiff's request, the Court denies plaintiff's motion to compel as to these documents.

### E. Aramark Contracts

Plaintiff argues that he requested "each and every contract from 2000 to 2012 that Aramark engaged in, in the State of Maryland where Aramark told a client that they did conduct employee background checks and drug screens." (ECF No. 58, 2). Plaintiff notes that he needs this information to "demonstrate fraud in the past . . . or fraud currently by misleading the court." (Id.).

The Court cannot see any such request in the record before it. Even assuming that plaintiff made such a request, however, the Court declines to compel defendant to produce these documents. First, the request is vastly overbroad: Aramark likely entered into hundreds, if not thousands, of contracts over the 12 years between 2000 and 2012. Second, and more important, these contracts are entirely irrelevant to plaintiff's action. While plaintiff claims he requires these documents to prove fraud, his case concerns employment discrimination, not fraud. Copies of thousands of Aramark

contracts would in no way further his claims. As such, the Court denies plaintiff's motion to compel these documents.

### F. Interrogatories and Requests for Admission

Plaintiff argues that he "served upon Aramark Corporation Interrogatories, document request, and request for admissions that they refuse to answer as untimely and duplicative." Plaintiff does not, however, point to which particular interrogatory, document request, or request for admission that he seeks to compel.  As such, the Court has insufficient information to address this request.

### G. Requests for Admissions by Monyette Faulkner

Plaintiff alleges that defendant wrongly asserted that Ms. Moneyete Faulkner did not have sufficient personal knowledge to answer the purported requests for admissions directed towards her.  Plaintiff submits a document in which Ms. Faulkner personally responds to plaintiff's requests.  (ECF No. 58-3). Defendant argues that it was under no obligation to respond to plaintiff's "requests for admissions" because these requests were in fact interrogatories.  As plaintiff had already submitted 25 interrogatories on November 28, 2012, defendant argues that these additional interrogatories, submitted in January 2013, exceeded the interrogatory limit and placed no obligation on defendant to respond.  (ECF No. 60, 3-4).

The Court agrees that the requests submitted to Ms. Faulkner were not requests for admissions. The requests, such as "who completed your new hire paperwork," were open and intended to seek information, rather than to simply illicit yes or no answers. Plaintiff does not deny that by the time the requests directed towards Ms. Faulkner were submitted, he already submitted the maximum 25 interrogatories. As such, his request directed towards Ms. Faulkner was in excess of the limits for interrogatories, and defendant was under no obligation to reply.

## II. Conclusion

For the reasons stated above, plaintiff's motion to compel (ECF No. 48) is denied.

Date: <u>April 15, 2013</u>           <u>          /s/          </u>
                                 Susan K. Gauvey
                                 United States Magistrate Judge